IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MOHAMED MAHDI ABDULKADIR[1], PRO SE, TDCJ-CID No. 1529001, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:14-CV-0033 |
| BRUCE P. SADLER, Asst. District Attorney, | § § § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff MOHAMED MAHDI ABDULKADIR, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant and has been granted permission to proceed in forma pauperis.

Plaintiff informs the Court that, on September 9, 2008, he pled guilty to a charge of felony aggravated sexual assault of a child and received a sentence of ten years in the Texas Department of Criminal Justice, Institutional Division. Plaintiff claims the defendant conspired and deprived him of his right to DNA testing and to review an earlier, or first, DNA test result. He claims the defendant also denied plaintiff the right to appointment of counsel.

Plaintiff requests declaratory judgment that "Texas Code of Criminal Procedure, Article 64.03, Requirements; Testing" is unconstitutional; injunctive relief in the form of an order "compelling defendant to order the immediate performing [sic] of DNA and re-DNA testing of

---

[1]Plaintiff types his name "Adbulkadir," but signs it "Abdulkadir." The Court has spelled it as plaintiff signed it.

the evidence containing biological material in his control of the plaintiff and the alleged victim, and ordering [] appointment of counsel in the DNA proceedings;" as well as monetary relief for the pains and mental anguish suffered by him and reimbursement of all court costs and filing fees.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer.

## THE LAW AND ANALYSIS

Plaintiff requests monetary, declaratory, and injunctive relief. For purposes of this analysis, the Court assumes plaintiff sues defendant both in his individual and his official

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

capacities.

Plaintiff says that, after his September 9, 2008 conviction, he filed, on March 6, 2012, a "Motion for Forensic Examination or in the Alternative Request for Previous DNA Testing." On March 22, 2012, defendant SADLER, the Assistant District Attorney of Potter County, Texas, filed a response opposing plaintiff's motion. Plaintiff alleges, on March 28, 2012, a Judge Ana Esterly[4] denied plaintiff's motion for DNA testing and his request for appointment of counsel, based on the following findings:

(1) Plaintiff failed to demonstrate that he is entitled to post-conviction forensic DNA testing of evidence pursuant to Art. 64 of the Texas Code of Criminal Procedure;

(2) Biological evidence gathered in the investigation of the plaintiff's case had already been subjected to DNA testing; and

(3) The State is not required to provide the plaintiff with copies of the DNA analysis reports prepared by the Texas Department of Public Safety Crime Laboratory.

Plaintiff appealed the trial court's determination to the Texas Seventh Court of Appeals at Amarillo, Texas, in cause no. 07-12-145-CR and, on July 11, 2013, that court affirmed the trial court's order denying plaintiff's motions for DNA and appointment of counsel.

**MONETARY RELIEF**

Plaintiff requests compensatory damages for the "pains and mental anguish" he has suffered as a result of the alleged violation of his constitutional rights. To the extent plaintiff is suing defendant in his individual capacity for such monetary relief, the Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages.

---

[4] Plaintiff appears to be referring to the Honorable Ana Estevez, Judge, 251st District Court, Potter County, Texas.

42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Relying on earlier Eighth Amendment jurisprudence, the Fifth Circuit has determined that the "physical injury" required by section 1997e(e) "must be more than de minimus [sic], but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). Nothing in plaintiff's pleading indicates he has sustained any physical injury which will support an award of monetary damages for his "pains and mental anguish." For that reason, plaintiff has failed to state a claim on which relief can be granted.

Plaintiff's factual allegation against defendant SADLER is that, acting as Assistant District Attorney of Potter County, Texas, he filed a response opposing plaintiff's motion for DNA testing. Prosecutors enjoy the same immunity under § 1983 enjoyed under the common law. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). The filing of motions and responsive pleadings is clearly within the scope of actions performed by defendant in his capacity as prosecutor. The Court concludes that defendant SADLER is shielded by prosecutorial immunity from plaintiff's claims for monetary relief.

To the extent plaintiff claims defendant conspired to deprive him of his rights, plaintiff sets forth no material fact to support the claim of conspiracy and does not identify the person(s) with whom defendant is accused of conspiring. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).

**INJUNCTIVE AND DECLARATORY RELIEF**

For purposes of this portion of the analysis, the Court assumes plaintiff is suing defendant in his official capacity as well. "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State,' " *Will v. Michigan Dpt. of State Police*, 491 U.S. 58, 71, n. 10, 109 S.Ct. 2304, 2312, n. 10, 105 L.Ed.2d 45 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n.14, 105 S.Ct. 3099, 3106, n. 14, 87 L.Ed.2d 114 (1985)).

Plaintiff claims his Sixth Amendment right to counsel was violated when defendant refused to order appointment of counsel for plaintiff in connection with his motion for DNA testing. Plaintiff then goes on to state that it was Judge Esterly who denied that motion. To the extent that plaintiff's claim against defendant SADLER is based upon SADLER's submission of a response opposing plaintiff's motion, that act is shielded by prosecutorial immunity.

Plaintiff claims the Eighth Amendment prohibition against cruel and unusual punishment has been violated, but plaintiff has provided no argument to support this claim nor has he alleged facts showing how defendant, in either his official or individual capacity, has violated this constitutional protection. Plaintiff has failed to state a claim under the Eighth Amendment.

As to the Fourteenth Amendment Due Process Clause, plaintiff does not have a freestanding right to DNA evidence. "There is no substantive due process right to post-conviction DNA testing." *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 72, 120 S.Ct. 2308, 2322, 174 L.Ed.2d 38 (2009). At most, plaintiff has a procedural due process right to such testing, if such a procedure has been established by the

State.

Chapter 64 of the Texas Code of Criminal Procedure is the vehicle which the State of Texas has created to allow a convicted defendant to move for and obtain post-conviction testing of DNA evidence. Tex. Code Crim. Proc. Ann. art. 64.01. Consequently, even though there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing, Texas has created such a right in article 64, and, as a result, the state-provided procedures must be adequate to protect the substantive rights Texas has created. *See Skinner v. Switzer*, ___ U.S. ___, 131 S.Ct. 1289, 1293, 179 L.Ed.2d 233 (2011); *Osborne*, 557 U.S. at 68, 129 S.Ct. at 2319. To prove a procedural due process violation, a plaintiff must allege (1) a liberty or property interest exists that has been subject to interference by the state and (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1990).

For this Court to find a constitutional violation entitling plaintiff to relief there would have to be a determination that the Texas procedures were inadequate to protect plaintiff's rights to seek post-conviction DNA testing. *See Skinner*, 131 S.Ct. at 1293; *Osborne*, 557 U.S. at 68, 129 S.Ct. at 2319. When Texas created the statutory right to seek post-conviction DNA testing, the Texas legislature also created the process by which a prisoner could file and obtain review of his DNA request. Much like the Alaska law the Supreme Court approved in *Osborne*, 557 U.S. at 70, 129 S.Ct. at 2320, the Texas statute details the procedure by which a state court is to manage a post-conviction motion for DNA testing.

Chapter 64 of the Texas Code of Criminal Procedure provides as follows:

> (a) A convicting court may order forensic DNA testing under this chapter only if:
>
> (1) the court finds that:
>   (A) the evidence
>     (I) still exists and is in a condition making DNA testing possible; and
>     (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced or altered in any material respect; and
>   (B) identity was or is an issue in the case; and
>
> (2) the convicted person establishes by a preponderance of the evidence that:
>   (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
>   (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

Tex. Code Crim. Proc. Ann. art. 64.03(a). The statute mandates, "[a]fter examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." *Id.* art. 64.04. The statute further establishes the right to appeal the state district court's and the intermediate appellate court's determination on the motion. *Id.* art. 64.05.

Although plaintiff argues the requirements set forth in Article 64.03 are unconstitutional, he does not identify the alleged constitutional defect. Plaintiff only cites *Skinner v. Switzer*, ____ U.S. ____, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2010). In *Skinner* the Supreme Court decided a convicted inmate could seek DNA testing of crime-scene evidence based on due process in a section 1983 action and that a habeas action was not the exclusive remedy.

Plaintiff has not pointed to any constitutional infirmity in the Texas statutory scheme and there is nothing constitutionally inadequate about the procedures themselves or about how they apply to those who seek access to DNA evidence. *See Osborne*, 557 U.S. at 70, 129 S.Ct. at 2320. In its review of the statutory provisions, this Court has not discovered any failure of the state's procedures that "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" or that "transgress[es] any recognized principle of fundamental fairness in operation." *See Osborne*, 129 S.Ct. at 2316.

More importantly, plaintiff has not identified any specific provision of the Texas statute which he contends is inadequate to protect his state-created right to seek post-conviction DNA testing. *See Thompson*, 490 U.S. at 460, 109 S.Ct. at 1908. Plaintiff indicates he sought DNA testing. Pursuant to the statutory process, plaintiff's requests for appointment of counsel and for DNA testing of the biological evidence were evaluated by the state district court. Further, article 64.05, Tex. Code Crim. Proc., provided plaintiff the right to appeal "to a court of appeals in the same manner as an appeal of any other criminal matter . . . .[5]" Plaintiff did so appeal. The determination of the state district court regarding plaintiff's motion for DNA testing was affirmed by the state appellate court.

Plaintiff has presented nothing which would permit this Court to conclude plaintiff's procedural due process rights have been violated by the process available under article 64. Considering that the plaintiff could fully utilize the process enacted by the state legislature, all

---

[5]Texas Code of Criminal Procedure Article 64.05 provides as follows:

An appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person was convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal appeals.

plaintiff has shown is that his state court motion was denied.  That is not enough.

Plaintiff argues the defendant violated his rights by refusing to furnish plaintiff with the first DNA test results.  Plaintiff has not demonstrated any basis for claiming a right to such results.  He has not pointed to any statute or caselaw that supports his claim at this stage of the proceedings.  Thus, plaintiff has failed to state a claim for declaratory or injunctive relief on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff MOHAMED MAHDI ABDULKADIR be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of March, 2014.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).